McGREGOR W. SCOTT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>AUSTIN LEE CAREY,<br><br>                Defendant. | CASE NOS.  6:16-MJ-00088-JDP AND<br>                   1:17-CR-000252-LJO<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR STAY<br><br>Date: TBD<br>Time: TBD<br>Hon.  Jeremy D. Peterson |

I. INTRODUCTION

The United States opposes Defendant Austin Lee Carey's (Defendant) motion for stay of his sentence under Rule 38 of the Federal Rule of Criminal Procedure.

II. BACKGROUND

In the early hours of the morning on September 6, 2016, law enforcement rangers in Yosemite National Park (Yosemite) responded to a report of a person in a parachute hitting a tree in Yosemite near Glacier Point. (Order and Judgment, ECF #9 at 1). Rangers responded and found Defendant suspended in the branches of a tree an estimated 130-150 feet above the ground. *Id*. A Park Service employee ascended 50 feet up the tree and rescued Defendant. *Id*. Defendant was arrested and charged with violating 36 C.F.R. § 2.17(a)(3) (delivering a person by parachute or other airborne means) and 36 C.F.R. § 2.34(a)(4) (creating a hazardous conviction). The case proceeded to bench trial on August 9, 2017 before the U.S. Magistrate Judge Michael J. Seng. *Id*.

On September 26, 2017, by written order, the Court found Defendant guilty on both counts. (ECF #9). He was sentenced to 24 months of probation, a $5,000 fine, and 300 hours of community service. (ECF #13). The Magistrate Judge stayed the imposition of the sentencing pending Defendant's plea to the District Court. (Minutes of Proceedings #13). On May 9, 2018, the District Court affirmed the conviction by written order. (ECF #28 in *United States v. Carey*, 1:17-CR-00252-LJO).

III.   ARGUMENT

Rule 38 of the Federal Rules of Criminal Procedure authorize that a court "may" stay a sentence of probation pending appeal, but it must set the terms of the stay. *United States v. Catlett*, 2013 WL 6797482, Case No. 2:13-CR-00208-JAM (E.D.Cal. December 19, 2013) (citing Fed.R.Crim.P. 38).

The Ninth Circuit has held that judicial discretion in exercising a stay is to be guided by the following legal principles: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. (citing *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir.2012) (*citations omitted))*.

If a Court denies a motion to stay imposition of probation, it must make clear the basis for the denial and specifically identify the date when the probationary period will commence. *See United States v. Bishop*, 537 F.2d 1184 (4th Cir. 1976).

The United States urges the Court to deny Defendant's motion to stay. First, the United States does not believe Defendant has made a "strong" showing that he is likely to succeed on the merits. The two Federal judges to review Defendant's arguments (the magistrate judge and the district judge) disagreed with Defendant's arguments. Second, the Defendant is unlikely to be injured absent a stay. The government cannot see how the imposition of a term of court probation would injure defendant. It would begin the clock for him to pay his fine and pay community service, but he is permitted to wait until the end of the probationary term to pay his fine and complete his community service. Third, a continued stay could threaten the other parties in the proceeding (here the National Park Service) because Defendant would not be under the probationary terms imposed by the Court. In his interview with the Fresno Bee, he suggested his prosecution had not ended his BASE jumping and blamed the

National Park Service for the death of two BASE jumpers, Jan Davis and Dean Potter.  *See* Exhibit A (Pablo Lopez, *He leaps off Yosemite cliffs, knowing it's illegal. Can his court case make BASE jumping legit?*, FRESNO BEE, August 9, 2017, available at https://www.fresnobee.com/news/local/article166303332.html (last accessed June 20, 2016)).  Thus, the United States believes that immediate imposition of probation will help ensure the Defendant causes no further harm to the National Park Service and its visitors.  Fourth and finally, the public interest is advanced by holding defendants accountable for their criminal conduct.  *See Bishop*, 537 F.2d 1184 (noting the Committee Notes for Rule 38 provide that immediate imposition of probation is "socially desirable").

IV. CONCLUSION

The United States requests the Court deny the motion.

Dated:  June 20, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ JEFFREY A. SPIVAK
JEFFREY A. SPIVAK
Assistant United States Attorney