HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
REED GRANTHAM, CA SBN #294171
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
AUSTIN CAREY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AUSTIN CAREY,<br><br>　　　　　Defendant. | Case No. 6:16-mj-00088-MJS<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR STAY**<br><br>Judge: Hon. Jeremy D. Peterson<br>Time: TBD<br>Court: TBD |

## I.    PROCEDURAL HISTORY

On June 7, 2018, Mr. Carey filed a request to continue the stay of the imposition of sentence, commencement of unsupervised probation, and payment of restitution previously imposed by this Court on October 9, 2017, and December 5, 2017. *See* Dkt. No. 20; *see also* Dkt. Nos. 13 and 18. On June 12, 2018, this Court invited the government to respond within 14 days of the date of June 12, 2018, and the defense to respond within 7 days thereafter. *See* Dkt. No. 21. On June 20, 2018, the government filed its Opposition to Defendant's Motion for Stay. *See* Dkt. No. 22.

Mr. Carey hereby files his reply to the government's opposition and continues in his request to continue the stay of the imposition of sentence, commencement of unsupervised probation, and payment of restitution previously imposed by this Court until this matter has been reviewed on appeal to the Ninth Circuit Court of Appeals.

## II. ARGUMENT

The power to grant a stay pending appellate review has been described as part of a court's "traditional equipment for the administration of justice," that is "firmly imbedded in our judicial system," "consonant with the historic procedures of federal appellate courts," and "a power as old as the judicial system of the nation." *Nken v. Holder*, 556 U.S. 418, 426-27 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4 (1942)). The ability to grant a stay is accordingly not only a "'historic procedure for preserving rights during the pendency of an appeal,' but also a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process." *Id.* (quoting *Scripps-Howard Radio, Inc.*, 316 U.S. at 13, 17 (citation omitted)); *see also Scripps-Howard Radio, Inc.*, 316 U.S. at 9-10 (noting that "it is reasonable that an appellate court should be able to prevent irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong").

The Ninth Circuit has adopted the following factors set forth by the United States Supreme Court as relevant for a court's consideration of a stay request: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken*, 556 U.S. at 434). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434.

### A.   Likelihood of Success on the Merits

In opposing Mr. Carey's request for a stay, the government indicates that it "does not believe [that Mr. Carey] has made a 'strong' showing that he is likely to succeed on the merits." Dkt. No. 22 at 2, lines 20-21. The government's emphasis on the word "strong" is misplaced in this context, as the Ninth Circuit has clearly held that to satisfy the "minimum quantum of likely success necessary to justify a stay," a movant need only demonstrate a "reasonable probability" or a "fair prospect" of success, "a substantial case on the merits," or that "serious legal questions

are raised." *Leiva-Perez v. Holder*, 640 F.3d at 967-68. "[T]hese formulations are essentially interchangeable" and "none of them demand a showing that success is more likely than not." *Id.* at 968 ("What is clear . . . is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits."); *see also Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

As the Ninth Circuit noted in *Leiva-Perez*, a less stringent requirement makes perfect sense in this context as a "more stringent requirement would either . . . put every case in which a stay is requested on an expedited schedule, with the parties required to brief the merits of the case in depth for stay purposes, or would have the court attempting to predict with accuracy the resolution of often-thorny legal issues without adequate briefing and argument." *Leiva-Perez*, 640 F.3d at 967. "Such pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doing 'justice on the fly.'" *Id.* (quoting *Nken*, 556 U.S. at 427); *see also Mohammed v. Reno*, 309 F.3d 95, 102 (9th Cir. 2002) (holding that a stay may issue even when the petitioner's chance of ultimate success is less than 50 percent because, "[i]f the likelihood were more than 50 percent, the appellant would be required to persuade the stay panel that he was more likely than not to win the appeal before the merits panel, just to obtain the critical opportunity to maintain the status quo until the merits panel considers the appeal").

In this case, Mr. Carey is more than able to demonstrate that his appeal presents a "reasonable probability" or a "fair prospect" of success, "a substantial case on the merits," or that "serious legal questions are raised." *Leiva-Perez*, 640 F.3d at 967 (noting that "these formulations are interchangeable"). As noted in his June 7, 2018 Request for Stay, Mr. Carey's primary argument on appeal raises a novel and substantial question of law that no Circuit, let alone the Ninth Circuit, has settled. Moreover, the district court's ruling in this case is in direct conflict with another district court's reported opinion in *United States v. Oxx*, 56 F. Supp. 2d 1214 (D. Utah 1999) where that court came to precisely the opposite conclusion on the exact same issue. As this issue has not been resolved in this Circuit, Mr. Carey's appeal presents at least one issue of first impression. As such, it cannot be stated that Mr. Carey's appeal does not

Carey – Reply to Government's Opposition to
Defendant's Request for Stay

3

present "a substantial case on the merits" or that "serious legal questions" are not raised. *See Gray v. Golden Gate Nat. Recreational Area*, 2011 WL 6934433, at *2 (N.D. Cal. Dec. 29, 2011) (unreported) ("Following other courts in this district that have held that a showing that 'serious legal questions' have been raised on appeal will satisfy the requirement of likelihood of success on the merits, the Court determines that Defendants have made a sufficient showing of the likelihood of success."); *City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1015 (N.D. Cal. 2013) (granting petitioner's stay because petitioner's appeal presented "novel questions of law for which [petitioner] ha[d] reasonable, good-faith arguments").

Because Mr. Carey's appeal presents a novel and substantial question of law, on which reasonable courts have differed, he is able to satisfy the requirement of likelihood of success on the merits as interpreted by the Ninth Circuit. Accordingly, a stay should issue while his appeal is pending before the Ninth Circuit.

### B. Irreparable Harm

As previously set forth, on October 19, 2017, this Court sentenced Mr. Carey to serve 24 months of unsupervised probation and ordered him to pay a fine of $5,000 and complete 300 hours of community service. He was also ordered to pay restitution in the amount of $492.30. As this Court is aware, a $5,000 fine is the statutory maximum that the Court can impose on any defendant for any Class B misdemeanor. At the time of sentencing, this Court ordered Mr. Carey, upon commencement of the period of probation, to pay a monthly installment of $230 per month and to serve 15 hours of community service per month. *See* Dkt. No. 13.

Although "[t]he government cannot see how the imposition of a term of court probation would injure the defendant," as soon as Mr. Carey commences probation he will be immediately and irreparably harmed by the order that he pay $230 per month and that he complete 15 hours of community service per month. As the Ninth Circuit has held, "important [irreparable harm] factors include separation from family members, medical needs, and potential economic hardship." *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001) (en banc). As this Court is aware, Mr. Carey is an indigent defendant. The immediate imposition of monthly financial deposits, coupled with the requirement that he serve 15 hours of community service per month,

would place an undue economic hardship on Mr. Carey. Although the government claims that Mr. Carey could wait until the end of his probationary period to pay the entirety of his fine and his community service, such a strategy would be impossible in this case given the severity of the fine and the time needed to complete 300 hours of community service. For every month that Mr. Carey is unable to afford the monetary amount or serve the community service ordered, Mr. Carey will then have to pay double and do double the amount of community service for the following month, and so on, placing him in a hole he would be unlikely to get out of and ensuring his failure on probation. Given the irreparable harm that would befall Mr. Carey if the sentence was to be immediately imposed, a continued stay of this Court's previous stay is appropriate to prevent irreparable harm to Mr. Carey while his substantial questions of law are reviewed on appeal.

### C.  Injury to Other Parties

As to the third factor, the government claims that Mr. Carey poses a danger to the National Park Service and therefore that a stay would "threaten" the Park. At the outset, it should be noted that Mr. Carey has no prior criminal history. His only prior conviction is the result of this prosecution, a misdemeanor. Since this case commenced in November of 2016, Mr. Carey has had no new law violations. Since he was sentenced by this Court on October 19, 2017, he has had no new law violations. Simply put, Mr. Carey poses no threat to anyone, let alone the Park Service. Indeed, the government has proffered no evidence that Mr. Carey has entered the Park, let alone engaged in illegal conduct therein, or has any intention of doing so. As it stands, Mr. Carey resides out of state, with no immediate plans to return. As such, the government has not alleged or substantiated any actual harm that would arise as the result of a stay in this case. In light of the absence of a substantial injury to the government, this factor should weigh in favor of continuing the stay currently imposed.

### D.  Public Interest

As previously noted, it "has always been held . . . that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Scripps-Howard Radio, Inc.*, 316 U.S. at 9-10. The reason why stays

have long been part of the "administration of justice" is because they serve the essential purpose of "ensuring that appellate courts can responsibly fulfill their role in the judicial process" and to prevent an appellate court's decision from "com[ing] too late for the party seeking review." *Nken*, 556 U.S. at 421, 427. Stays support the foundational belief that "it is reasonable that an appellate court should be able to prevent irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong." *Scripps-Howard Radio, Inc.*, 316 U.S. at 9-10.

As set forth above, Mr. Carey's appeal presents novel and substantial questions of law as of yet unresolved in this Circuit. As the Supreme Court set forth when it created the stay factors, the proper administration of justice compels courts to stay enforcement of judgements when the serious legal questions are raised and where, without a stay, an individual will be irreparably harmed. *See Nken*, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical."). Given the satisfaction of the above factors, a stay is in the public interest in this case, as it prevents irreparable harm to an individual who has raised significant and novel questions that can only be resolved on appeal. Moreover, a stay has been in place in this case since October 2017, with no adverse effects or results. Mr. Carey's legal rights have been protected and neither the government nor the public has suffered any harm as a result.

### III.   CONCLUSION

For the foregoing reasons, this Court should continue the previously imposed stay of the imposition of the sentence, commencement of unsupervised probation, and payment of restitution until the matter is resolved on appeal to the Ninth Circuit.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: June 26, 2018            */s/ Reed Grantham*
                               REED GRANTHAM
                               Assistant Federal Defender
                               Attorney for Defendant
                               AUSTIN CAREY